UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:99-cr-114-FtM-29DNF

DENNIS L. JENKINS
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Reconsideration Pursuant To Fed. R. Civ. P., Rule 59(e) (Doc. #67), filed on April 27, 2005. Defendant seeks reconsideration of the Court's April 12, 2005 Opinion and Order (Doc. #66) denying his Motion to Enforce Conditional Plea Agreement Pursuant to 28 U.S.C. § 1331, 1343(4) & 1346 (Doc. #64) for lack of jurisdiction. The Court will grant the motion for reconsideration, but after additional review will again deny the original motion.

Construed liberally, defendant's current motion for reconsideration asserts that the Court should have found jurisdiction to enforce his Plea Agreement as a federal question civil action because a plea agreement has been analogized to a contract. While defendant is correct that a plea agreement has been described as a contract between the government and a criminal defendant, the Court concludes that this does not create a civil

cause of action within the meaning of the federal question jurisdiction statute.

Defendant also asserts that the Court should have found jurisdiction under 18 U.S.C. § 3231, which gives the district courts original jurisdiction of all offenses against the United States. While this statute certainly gave the Court jurisdiction to entertain the case, it did not vest jurisdiction to consider the belated Rule 35(b) motion.

Finally, in its April 12, 2005 Opinion and Order the Court relied upon an unpublished decision of the Eleventh Circuit which found a lack of jurisdiction in a similarly belated motion to enforce a plea agreement. United States v. Donald Reagan, Case No. 04-11484. The Court would note that on April 26, 2005, the Eleventh Circuit issued another unpublished decision which found that "the Article III courts still retain the authority to review the refusal [to file a Rule 35(b) motion] on limited grounds, e.g., an unconstitutional motive." United States v. Holston, 2005 WL 956975 (11th Cir. 2005). Because Reagan was first in time and Holston did not specifically discuss jurisdiction, the Court continues to find Reagan persuasive. Therefore, the Court continues to find that it lacks jurisdiction to consider the motion to enforce the plea agreement.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion for Reconsideration Pursuant To Fed. R. Civ. P., Rule 59(e) (Doc. #67) is **GRANTED**.

2.  Defendant's Motion to Enforce Conditional Plea Agreement Pursuant to 28 U.S.C. § 1331, 1343(4)& 1346 (Doc. #64) is **DENIED** for lack of jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of April, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Dennis L. Jenkins
Counsel of Record